Matter of Niveyama C-T. (Antwon C-T.--Antoinette C-T.) (2021 NY Slip Op 03248)





Matter of Niveyama C-T. (Antwon C-T.--Antoinette C-T.)


2021 NY Slip Op 03248


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Docket No. NN-4095/19, NN-4096/19, NN-4097/19, 4098/19 Appeal No. 13866 Case No. 2020-01888 

[*1]In the Matter of Niveyama C-T. and Others, Dependent Children Under the Age of Eighteen Years, etc., Antwon C-T., Respondent-Appellant, Antoinette C-T., Respondent, Administration for Children's Services, Petitioner-Respondent. 


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about February 5, 2020, insofar as it determined, after a hearing, that respondent neglected the subject children, unanimously affirmed, without costs.
The findings of neglect are supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). There exists no basis for disturbing the court's credibility determinations. The hearing testimony, including respondent's own testimony, establishes that respondent engaged in acts of domestic violence against the children's mother while the children were in the home and that the children were affected by what they witnessed (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]; Matter of Elijah T. [Melvin G.], 154 AD3d 635 [1st Dept 2017]). The two older children's out-of-court statements about respondent's history of violence against the mother were corroborated by both the mother's testimony and respondent's own testimony (see Matter of Jasmine A. [Albert G.], 120 AD3d 1125 [1st Dept 2014]). The mother's testimony that in November 2016 respondent threw her onto one of the children, who was then about two months old, before pulling out clumps of her hair and throwing her into a wall further shows that respondent's parental judgment was impaired (see Matter of Moises G. [Luis G.], 135 AD3d 527 [1st Dept 2016]; Matter of Isabella S. [Robert T.], 154 AD3d 606 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021